**UNITED STATES of America**
**v.**
**Leonard YOUNG, Appellant.**
**No. 18303.**

United States Court of Appeals,
Third Circuit.

Argued March 31, 1970.

Decided April 28, 1970.

Errol S. Miller, Pittsburgh, Pa., for appellant.

Blair A. Griffith, Asst. U. S. Atty., Pittsburgh, Pa. (Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before HASTIE, Chief Judge, MARIS and ADAMS, Circuit Judges.

## OPINION OF THE COURT

ADAMS, Circuit Judge.

The problem of determining whether a defendant who pleads guilty does so voluntarily with an understanding of the charge against him and the consequences of the plea has been a major concern of the courts since the decision in Kercheval v. United States.[1] Rules 11 and 32(d) of the Federal Rules of Criminal Procedure attempt to ensure that a defendant does not waive his constitutional rights by pleading guilty unless he does so "knowingly and voluntarily". The present appeal requires that we examine Rule 32(d) and the district court's discretion to refuse to grant a defendant's motion to withdraw a guilty plea before sentence is imposed.

Leonard Young was arrested on the basis of identifications made from photographs taken by a surveillance camera during the robbery of a federal bank. He and James Franklin O'Dell were indicted for taking money from a teller of a bank by "force and violence and intimidation", and for "assault and put[ting] in jeopardy the life of the [teller] by the use of a dangerous weapon", in violation of 18 U.S.C. §§ 2113(a) and 2113(d).

Young was arraigned on July 14, 1969, before the Honorable Edward Dumbauld. At the arraignment, Young

---

1. 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927).

indicated that he did not understand the meaning of the words "force or violence" in the indictment, and the principle of imputing the use of a dangerous weapon to one who did not possess it. Judge Dumbauld and defense counsel sought to explain to Young that the use of a gun in a robbery by one participant is imputed to all the participants. Thereafter, Young pleaded guilty. Pursuant to Rule 11, Judge Dumbauld then asked Young whether his plea was voluntary, and explained to him the consequences of a guilty plea.

On September 19, 1969, Young and his co-defendant O'Dell appeared before the Honorable Wallace S. Gourley for sentencing. Judge Gourley asked Young if he were pleading guilty. Young responded that he *had* entered a guilty plea, but again indicated that he did not use force or violence, and was confused about the concepts of force, violence and malice. He then said he no longer wanted to plead guilty. Judge Gourley refused to sentence Young. While Judge Gourley sentenced O'Dell, Young was given the opportunity to confer with counsel. After the conference, Young again told Judge Gourley he did not want to plead guilty because he did not commit the offense charged in that he did not have the necessary "malice" or "intent". Judge Gourley accepted the changed plea.

Some time after this proceeding, Judge Gourley sent for the transcript of the arraignment, and on October 3, 1969, held a hearing on the petition of the United States Attorney to show cause why Young's request to withdraw his guilty plea should not be denied. He thereafter vacated the decision allowing Young to change his plea, and sentenced him to 20 years. In his written opinion, Judge Gourley stated that after reviewing the transcript of the proceeding before Judge Dumbauld, it was his view that the decision of this Court in United States v. Wheeler, 256 F.2d 745 (3d Cir. 1968), foreclosed his power to allow Young to change his plea. *Wheeler* held that a judge may not overrule a decision

of a judge of concurrent jurisdiction. Judge Gourley also said that even if he had the power, he would not accept Young's changed plea.

Young appeals from the decision of Judge Gourley vacating Young's change of plea. Young contends that United States v. Wheeler does not govern the withdrawal of a guilty plea, and that Judge Gourley abused his discretion in vacating the changed plea.

According to Young's version of what happened, which was revealed to Judge Gourley at the hearing on October 3, 1969, Young acting as a "jitney cab driver" drove O'Dell to the bank for seven dollars. He then accompanied O'Dell into the bank in order to make certain he received the seven dollars. Young believed O'Dell was going to cash a check, and did not have any knowledge that O'Dell intended to rob the bank. Counsel explained that Young was a heroin addict; and the seven dollars was the price of a heroin "shot", and that FBI Agents who found Young's drug equipment told him, "they would keep quiet about it, [and] he should too". Young contends that as he understood the indictment when he appeared before Judge Dumbauld he would be guilty if he were with O'Dell regardless of his knowledge of O'Dell's intent to rob the bank and despite the fact he had no intent to participate in the robbery.

In United States v. Wheeler, this Court stated that the "rule of the case" does not permit a judge to overrule the decision of another judge of the same court in the same case. In *Wheeler*, Judge Miller denied a motion made by the defendant to suppress certain evidence alleged to have been illegally obtained and to dismiss an indictment for tax evasion. In a rehearing, Judge Gourley granted defendant's motion to suppress the evidence. He then dismissed the indictment.

■ *Wheeler* does not apply to the withdrawal of a guilty plea. When a judge accepts a defendant's guilty plea, after making an on-the-record inquiry

as to its voluntariness, he is not confronted with the same request or motion that confronts a judge who grants a defendant's request to withdraw such plea. The first judge rules that he will *accept* a plea that the defendant wants to make; the second judge rules that he will allow the defendant to change his plea when the defendant makes a specific request to do so. The concept of preventing a judge from granting a defendant's request to change his plea because another judge accepted a guilty plea is inconsistent with Rule 32(d) which states: "A motion to withdraw a plea of guilty or of *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea".

Since Judge Gourley had the power to allow Young to withdraw his guilty plea, the remaining inquiry is whether he erred in vacating his original decision.

 Rule 32(d) refers to two situations: a motion of withdrawal made *before* sentence, and one made *after* the imposition of sentence. The Rule states that a withdrawal *after* sentence should be permitted only "to correct manifest injustice". The Rule does not articulate a standard governing the withdrawal of a plea on a motion *before* sentence. This Court as well as other Courts of Appeal have, however, enunciated the principle that the withdrawal of a guilty plea before sentence is imposed should be "freely allowed". E. g. United States v. Stayton, 408 F.2d 559 (3d Cir. 1969); Kadwell v. United States, 315 F.2d 667 (9th Cir. 1963); Gearhart v. United States, 106 U.S.App.D.C. 270, 272 F.2d 499 (1959). In *Stayton*, this Court reviewed the decisions of other circuits as well as those of our own, and reiterated the standard governing the discretion of a district court judge by saying: "The motion to withdraw a guilty plea protects the right of an accused to a trial. Therefore, such requests made *before* sentencing 'should be construed liberally

in favor of the accused' by the trial courts". 408 F.2d at 560. ' Stated another way, the rule is that the court will permit a person to "substitute a plea of not guilty and have a trial if for *any reason* the granting of the privilege seems *fair and just* * * *". Kercheval v. United States, 274 U.S. 220, 224, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927) (emphasis added).

 *Stayton* repeats the proposition that the trial judge has discretion to refuse a request to retract a plea of guilty since there is no absolute right to withdraw such plea. United States v. Ptomey, 366 F.2d 759 (3d Cir. 1966); Everett v. United States, 119 U.S.App. D.C. 60, 336 F.2d 979 (1964); United States v. Nigro, 262 F.2d 783 (3d. Cir. 1959). A judge, however, abuses his discretion when a defendant, such as Young, indicates he does not fully understand that the facts he is prepared to admit constitute the offense charged, and the government would not be prejudiced by permitting the plea to be withdrawn.

United States v. Ptomey, 366 F.2d 759 (3d Cir. 1966), cited by the government, is not authority to the contrary, but rather supports this result. In *Ptomey*, this Court upheld the refusal of a trial judge to allow a defendant to withdraw his guilty plea. In doing so, the Court said that withdrawal should be denied "if the defendant knew and understood what was being done and *there were not present any circumstances of force, mistake, misapprehension, fear, inadvertence or ignorance of his rights and understanding of the consequences of his plea.*" 366 F.2d at 760 (emphasis added).

 The liberal rule for withdrawal of a guilty plea before sentence is consistent with the efficient administration of criminal justice. It reduces the number of appeals contesting the "knowing and voluntariness" of a guilty plea, and avoids the difficulties of disentangling such claims. It also ensures that a defendant is not denied a right to trial by jury unless he clearly waives it.

In McCarthy v. United States, 394 U.
S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418
(1969), a leading case on the subject
of guilty pleas, the Supreme Court without dissent emphasized the requirement
that a guilty plea may not be accepted
unless a defendant has a complete understanding of the charge. The Court said
that "because a guilty plea is an admission of all the elements of a formal
criminal charge, it cannot be truly voluntary unless the defendant possesses an
understanding of the law in relation to
the facts". 394 U.S. at 466, 89 S.Ct. at
1171. *See also*, Boykin v. Alabama, 395
U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274
(1969).

In order to ensure that guilty pleas
are voluntary, *McCarthy* interpreted
Rule 11 as requiring a trial judge to
make such determination by personally
addressing a defendant and inquiring
whether he understands the nature of
the charge, whether the facts admitted
constitute the elements of the offense
charged, whether he knows the consequences of a plea and whether it is voluntarily entered. There is no dispute
that Young entered the plea voluntarily
with a knowledge of its procedural consequences. However, the record indicates that Young's original guilty plea
may have had the infirmity which concerned the Court in *McCarthy*. Young's
questions and confusion at the arraignment and sentence hearings reveal that
his plea may have been made "voluntarily with an understanding of the nature
of the charge but without realizing that
his conduct does not actually fall within
the charge". 394 U.S. at 467, 89 S.Ct.
at 1171.

■ At the first hearing before
Judge Dumbauld, Young disclosed that
he did not comprehend the principle of
imputed acts. He pleaded guilty after
the Judge tried to explain this concept to
him. Young claims that as he understood
Judge Dumbauld he was guilty merely
because he was with O'Dell whether or
not he went into the bank intending to
commit the crime. At the arraignment,
Young again expressed concern about
the elements of the crime, and apparently after reconsidering the matter decided he did not want to plead guilty because, according to his version of the
facts, he had merely accompanied O'Dell
who said he was going to cash a check.
This explanation might constitute a defense to the charge. As the Court of
Appeals for the District of Columbia
Circuit stated, "Where the accused seeks
to withdraw his plea of guilty before
sentencing, on the ground that he has a
defense to the charge, the District Court
should not attempt to decide the merits
of the proferred defense, thus determining the guilt or innocence of the defendant". Gearhart v. United States, 106
U.S.App.D.C. 270, 272 F.2d 499, 502
(1959). In hearing a motion to withdraw a guilty plea, it is not the function
of the district court to evaluate the guilt
or innocence of the defendant. Nor is
that the role of this Court at this time.

■ The record contains sufficient
testimony to demonstrate that Young
originally may have believed that his
mere presence at the bank with O'Dell,
even though he had no intent to participate in the robbery, constituted the
crime. Thus, the plea may not have been
a "knowing" one. An understanding of
the charge is equally as important as the
voluntariness of the plea. A misunderstanding by the defendant in either situation constitutes a "fair and just" reason
to permit the defendant to withdraw the
plea. When the District Court was alerted to these facts, it abused its discretion
by vacating its initial decision to allow
the defendant to plead not guilty.

The case will be remanded to the District Court with directions to vacate the
judgment of conviction, and to allow
Young to withdraw the plea of guilty
and enter a plea of not guilty.