**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**JERALD ELLICK, Defendant**

Criminal No. 209/1977

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

March 13, 1978

TERRY M. HALPERN, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for plaintiff*

ARNOLD M. SELKE, ESQ., St. Thomas, V.I., *for defendant*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION

Defendant, having entered a plea of guilty as part of a plea bargain, now has filed a motion for permission to withdraw his guilty plea pursuant to Rule 32(d) of the Federal Rules of Criminal Procedure, 5 V.I.C. App. II Rule 32, as made applicable to this court. 5 V.I.C. App. IV Rule 7.

As a result, a recitation of the facts is necessary. On November 10, 1977, a three count complaint was filed against the defendant charging him with trespass to remove or deface property, 14 V.I.C. § 1742, removing or defacing boundary markers, 14 V.I.C. § 1746, and disturbing the peace, 14 V.I.C. § 622.

On November 16, 1977, the defendant was brought before the court, and he stated that he was represented by counsel. Consequently he was advised to have his counsel file a notice of appearance. Subsequently, the defendant appeared on December 12, 1977, for an arraignment and he orally waived his right to be represented by counsel and the right to a trial by jury. He then entered a plea of not guilty to each count and the case was set down for trial at 9:00 a.m. on January 9, 1978.

On January 9, 1978, when the matter came on for trial, the defendant appeared with counsel who, upon behalf of the defendant, represented that a plea bargain had been negotiated with the Government, whereby the Government would agree to dismiss Counts 1 and 3 in return for which the defendant would enter a plea of guilty to Count 2. The defendant was sworn and questioned in accordance with Rule 11 of the Federal Rules of Criminal Procedure. 5 V.I.C. App. II Rule 11. The court, having determined that the plea was voluntarily and freely made by the defend-

519

ant, accepted the plea bargain and ordered a presentence report. Sentencing was set for February 6, 1978.

On the date set for sentencing defendant, by his counsel, orally moved to withdraw his plea of guilty saying that the defendant's conscience did not permit him to go forth with the plea bargain because he did not believe that he was, in fact, guilty of Count 2 as charged. The Government opposed the motion. Accordingly, the court requested the parties to submit memoranda. The court received a memorandum of law from the defendant, and the Government said that it would submit on the record. The issue thus posed is whether a plea of guilty, which was made pursuant to a plea bargain that has been kept by the Government and accepted by the court in compliance with Rule 11 of the Federal Rules of Criminal Procedure, may be withdrawn.

■ Rule 32(d) of the Federal Rules of Criminal Procedure specifically authorizes that

A motion to withdraw a plea of guilty . . . may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

As can be seen, the rule articulates no standard to be applied regarding withdrawal of a guilty plea before sentence. The Third Circuit Court of Appeals, however, has declared that:

In weighing motions for withdrawal of a guilty plea *before* sentencing, the test to be applied by trial courts is fairness and justice.

United States v. Slayton, 408 F.2d 559, 561 (3d Cir. 1969). Moreover, the Third Circuit has enunciated the principle that withdrawal of a guilty plea before sentencing should be "freely allowed," United States v. Young, 424 F.2d

1276, 1279 (3rd Cir. 1970), and that such requests have "been generally construed liberally in favor of the accused." United States ex rel. Culbreath v. Rundle, 466 F.2d 730, 732 (3d Cir. 1972).

This court must be guided by that principle as well as those voiced in Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971),[1] and the views expressed by Mr. Justice Stewart in his concurring opinion in Dukes v. Warden, 406 U.S. 250, 257–58, 92 S.Ct. 1551, 1555, 32 L.Ed.2d 45 (1972). There it stated:

In Santobello v. New York, 404 U.S. 257, 267, I joined Mr. Justice Marshall's separate opinion because I agree that "where the defendant presents a reason for vacating his plea and the government had not relied on the plea to its disadvantage, the plea may be vacated and the right to trial regained, at least where the motion to vacate is made prior to the sentence and judgment." Id. at 267–368.

If a defendant moves to withdraw a guilty plea before judgment and if he states a reason for doing so, I think that he need not shoulder a further burden of proving the "merit" of his reason at that time. Before judgment, the courts should show solicitude for a defendant who wishes to undo a waiver of all of the constitutional rights surrounding the right to trial—perhaps the most devastating waiver possible under our Constitution. Any requirement that a defendant prove the "merit" of his reason for undoing this waiver would confuse the obvious difference between the withdrawal of a guilty plea before the Government has relied on the plea to its disadvantage, and a latter challenge to such a plea, on appeal or collaterally, when the judgment is final and the government clearly has relied on the plea.

██ ██ Nothing has been proffered to the court to point to any disadvantage inuring to the government upon the granting of the defendant's motion. Moreover, believing

---

[1] In Santobello, supra, and Dukes v. Warden, 406 U.S. 250, 92 S.Ct. 1551, 32 L.Ed.2d 45 (1972), there had been a violation of the plea bargain, which is not an issue in the case sub judice. Despite that distinguishing feature, this court still believes the views expressed are most applicable to this case.

that it need not determine at this time the merit of defendant's proposed defense, this court, guided by the principles enunciated above, believes that defendant should be granted leave to withdraw his plea of guilty and to proceed to trial. Accordingly, his motion will be granted.