Juanita CROW, Administratrix of the Estate of Ralph R. Crow, Deceased, individually and on behalf of the next of kin and children of Ralph R. Crow, Deceased, and on behalf of the Estate of Ralph R. Crow, Deceased, Plaintiff,

v.

WASHINGTON COUNTY BOARD OF PRISON INSPECTORS, Frank Mascara, member of the Washington County Prison Board; Jess D. Costa, member of the Washington County Prison Board; James A. Fazzoni, member of the Washington County Prison Board; Malcolm L. Morgan, member of the Washington County Prison Board; David L. Gilmore, member of the Washington County Prison Board; Edward M. Paluso, member of the Washington County Prison Board; Honorable Charles G. Sweet, President Judge of the Court of Common Pleas of Washington County, member of the Washington County Prison Board; Jay R. Taylor, individually, and in his capacity as Warden of the Washington County Prison; Louis Matullo, individually and in his capacity as a Correctional Officer I of the Washington County Prison; Paul Ross, individually and in his capacity as Correction Officer II of the Washington County Prison; Patsy Magruda, individually and in his capacity as a Correction Officer I in the Washington County Prison; Robert L. Poland, individually, and in his capacity as Deputy Warden of the Washington County Prison; Richard Brezenski, individually and in his capacity as Sergeant of the Washington County Prison, Defendants.

Civ. A. No. 79–587.

United States District Court, W. D. Pennsylvania.

Dec. 9, 1980.

Stephen P. McCloskey, William Mitchell, Washington, Pa., for plaintiff.

Robert L. Ceisler, Washington, Pa., for defendants.

## OPINION

TEITELBAUM, District Judge.

Currently before this Court are the defendants' Motion to Dismiss all the counts in the plaintiff's Second Amended Complaint and, in the alternative, a Motion on behalf of the County of Washington (County) and the Washington County Board of Prison Inspectors (Prison Board) for a More Definite Statement. In order to adequately consider the motions, it is necessary to review the entire case.

In May of 1979, plaintiff filed her initial Complaint. The gravamen of that complaint was that the County, the County Commissioners, individually and as Commis-

sioners [1]; the Prison Board; the members of the Prison Board, individually and as Prison Board Members [2], the Washington County Prison; the Warden, Deputy Warden and several Correctional Officers, individually and in their official capacities, were liable for wrongfully denying requested medical attention to plaintiff's decedent and thus causing his death. The plaintiff indicated that causes of action arose under the Eighth and Fourteenth Amendments to the Constitution; the Civil Rights Act of 1871, 42 U.S.C. § 1983; and under state law.[3] The defendants filed motions to dismiss and for a more definite statement.

These motions were considered in an exhaustive opinion by the late Honorable Daniel J. Snyder, Jr., to whom this case was initially assigned. In explaining his holding, Judge Snyder stated,

> The Fourteenth Amendment cause of action and the claim against the County will be dismissed. The cause of action against the Prison Board fails to state a claim, but Defendants' Motion for a More Definite Statement will be granted. Defendants' Motion based on immunity will be denied as premature at this time, and the Court in its discretion will decline to hear the pendent state claims.[4]

Plaintiff was permitted to file an Amended Complaint pursuant to the granting of defendants' motion for a more definite statement. Instead, defendant filed a Motion for Reargument and Reconsideration of Judge Snyder's Order for alleged error in not granting leave to amend the Fourteenth Amendment cause of action and the

claim against the County. Attached thereto were a Policy Manual for Operating Procedures at the prison and an alleged contract between the County and Washington Hospital (Hospital) pertaining to medical treatment and services for inmates at the Prison. Judge Snyder denied the motion without argument. Thereafter, plaintiff filed her Amended Complaint and defendants renewed their motion to dismiss. Before that motion could be considered, Judge Snyder met an untimely death. The case was then assigned to this member of the Court.

Before this Court acted on the pending motions, plaintiff requested permission to file a Second Amended Complaint. That request was granted and the pending motions became moot. The plaintiff filed her Second Amended Complaint. Once again the defendants have filed a Motion to Dismiss and for a More Definite Statement. It is these motions which are currently before the Court.

█ First, the defendants propose that Counts One and Six [5] of the Second Amended Complaint be dismissed because these Counts are based on the supposed Fourteenth Amendment cause of action previously dismissed by Judge Snyder. This Court agrees that both Counts must be dismissed.

Judge Snyder considered whether or not an independent cause of action existed under the Fourteenth Amendment in light of *Monell v. New York City Dep't of Social*

1. The Commissioners were, due to their office as Commissioners, also members of the Prison Board. 61 P.S. § 408. The claim against them in their capacity as Commissioners was thus connected to both the claims against the County and the Prison Board.

2. The Prison Board is composed of three County Commissioners, the Controller, the District Attorney, the Sheriff and the President Judge of the Court of Common Pleas of Washington County. 61 P.S. § 408.

3. The parties entered into a stipulation dismissing persons not members of the Prison Board who had previously been thought to have been members, actual members in their individual

capacities, County officials in their County capacities and the Washington County Prison.

4. Opinion of Snyder, J., September 21, 1979 at 2.

5. Counts One and Six assert causes of action against the County, Prison Board, and Warden Jay R. Taylor. Count One alleges cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. The Sixth Count alleges conduct under color of state law that deprived the decedent of life, liberty or property, without due process of law and deprivation of equal protection of the laws under the Fourteenth Amendment.

*Service*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (municipalities are persons for purposes of 42 U.S.C. § 1983) and *Turnpin v. Mailet*, 591 F.2d 426 (2nd Cir. 1979) (per curiam) (no fourteenth amendment claim needed for municipal liability in light of *Monell*). In a comprehensive opinion on that subject that need not be added to here, Judge Snyder determined there was none.[6] That is the law of this case.

The Court is aware that the unavailability of a Judge and a change in circumstances may, at times, permit the rendering of a different result by a Judge with concurrent jurisdiction from that of one of his colleagues in the same case. *Rogers v. Exxon Research and Engineering Co.*, 550 F.2d 834, 843 (3rd Cir. 1977) and *United States v. Wheeler*, 256 F.2d 745, 747 (3rd Cir. 1958) *cert. denied* 358 U.S. 873, 76 S.Ct. 111, 3 L.Ed.2d 103 (1958). However, that is inappropriate in this case. As pointed out in *Rogers*, the unavailability of the original Judge to consider the matter anew means that *"different considerations apply." Rogers v. Exxon Research and Engineering Co.*, 550 F.2d 834, 843 (3rd Cir. 1977). The "different consideration" discussed there was that if the previous Judge was available he would be able to "reconsider the ruling upon changed circumstances . . ." *Id.*

Judge Snyder had declined to reconsider his earlier opinion before his death, and this Court perceives no change in circumstances. The rule of law has not changed. Even if this Court would reconsider the existence of the Fourteenth Amendment claim, it would agree with Judge Snyder that there is no independent Fourteenth Amendment claim. Thus, the First and Sixth Counts of the Second Amended Complaint are to be dismissed except to the extent that they provide a basis for the claim asserted under Count Two, the 42 U.S.C.A. § 1983 claim discussed *infra*.

 The action as to the County must also be dismissed on principles of the law of the case. As noted above, when the previous Judge is unavailable, a Judge sitting on the same Court need not blindly follow the law of the case. Rather, it must be taken into consideration that the previous Judge cannot reconsider the matter on changed circumstances. However, in this case the plaintiff had filed a motion for Reconsideration and Reargument including a copy of an alleged contract between the County and the Hospital. Although plaintiff asserts that they were given no hearing or oral argument on that matter, the fact remains that Judge Snyder, in denying that motion, had access to two exhibits that the plaintiffs appeared to believe represented changed circumstances. So the plaintiffs have had a ruling by the previous Judge and trying to reargue their contention now is more in the nature of an appeal rather than a reconsideration or changed circumstances.

In addition, it is apparent from Judge Snyder's opinion that he set forth and applied the correct legal standards, recognizing specifically that "dismissal should not be granted unless it appears beyond doubt the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." [7] After reviewing the original complaint he implicitly decided that no sufficient facts could be alleged by dismissing the claims against the County. In also denying a motion for reargument and reconsideration, it may be inferred that even with the new documents Judge Snyder again held the same view. So even if these documents represent changed circumstances, they have already been decided to be insufficient. This Court, in applying the "different considerations" of *Rogers* finds no "changed circumstances" that compel a deviation from the principles of the law of the case. Therefore, all claims against the County are dismissed.

 The defendants also assert that the pendent state claims may not be further considered in light of Judge Snyder's deci-

---

**6.** Opinion of Snyder, J., September 21, 1979 at 2–4.

**7.** Opinion of Snyder, J., September 21, 1979 at 4, citing *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

sion not to exercise pendent jurisdiction. Judge Snyder declined to exercise pendent jurisdiction because of the uncertainty posed by the possible interpretation problems arising from the Political Subdivision Tort Claim Act, 53 P.S. §§ 5311.101–5311.-803, a recent Pennsylvania enactment, which had at that time not been interpreted by Pennsylvania courts. In deciding to dismiss these claims again, the Court finds it necessary to refer only to principles of the law of the case and note that the Tort Claims Act has still not been the subject of reported state judicial consideration. For these reasons, the Court will dismiss Counts Three, Four, Seven, Eight and Nine of the Second Amended Complaint.

■ The defendants' Motion to Dismiss Count Two for Failure to State a Claim will be denied. The Civil Rights Act of 1871, 42 U.S.C.A. § 1983 does provide a cause of action in circumstances such as these. *See e. g., Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Section 1983 is used to vindicate claims of constitutional deprivation rendering other "independent" causes of action superfluous. The basis for the action has been sufficiently plead. Exhibit A can be read to suggest that the Prison Board, through the County,[8] contracted to provide medically trained personnel to screen inmate medical requests only during the day shift. When a medical emergency would arise during other times, such as the alleged hour of plaintiff's decedent's death, no medically trained personnel were available to process the medical request and the Prison Board knew or should have known of this state of events. Since the Court finds that the Second Amended Complaint does state with sufficiency a cause of action against the Prison Board the Motion for a More Definite Statement will be denied.[9]

The Motion to Dismiss Count Five for Failure to State a Claim will be denied. The wrongful death and survival causes of action are preserved under 42 U.S.C.A. § 1988 which incorporates state law for this purpose. *See Moor v. County of Alameda*, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973).

Other aspects of the Second Amended Complaint suggest that traditional agency law concepts create liability on the part of the Prison Board. While this might be true with respect to the state law, all state law claims have been dismissed. Respondeat superior is not a basis for liability under 42 U.S.C.A. § 1983. *Duchesne v. Sugarman*, 566 F.2d 817 (2nd Cir. 1977). Therefore all allegations of agency liability are also dismissed. An appropriate order will issue.

---

**8.** 61 P.S. § 189 and 61 P.S. § 410 suggest that this contract could not have been signed by County officials on behalf of the Prison Board, without the knowledge and consent of the Prison Board.

**9.** The Motion with respect to the County is moot since the County is dismissed as a party.