**THOMAS WAYNE HIGHTREE, Appellant/Defendant**

**v.**

**PEOPLE OF THE VIRGIN ISLANDS, Appellee/Plaintiff**

S. Ct. Criminal No. 2010-0104

Supreme Court of the Virgin Islands

February 7, 2014

516

KELE ONYEJEKWE, ESQ., Appellate Public Defender, St. Thomas, USVI, *Attorney for Appellant.*

PAMELA R. TEPPER, ESQ., Assistant Attorney General, St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(February 7, 2014)

SWAN, *Associate Justice.* Appellant, Thomas Hightree, appeals to this Court seeking to have his guilty plea and sentence vacated. Hightree pled guilty to aggravated rape in the first degree, in violation of title 14, section 1700(a)(1) of the Virgin Islands Code. However, Hightree now argues that his guilty plea was entered in violation of his constitutional rights. He further argues that his sentence was illegal and substantively unreasonable. For the reasons elucidated below, we reject Hightree's arguments, but will remand the case to the Superior Court for the limited purpose of *sua sponte* correcting two errors we have noticed.

## I. FACTS & PROCEDURAL HISTORY

This case emanated from an investigation in July 2008 by Detective Sofia Rachid who was dispatched to the home of a minor to investigate a report of unlawful sexual contact. During an interview at the minor's home, the minor explained to the detective that when she was about eight years old, she was seduced by her neighbor, Hightree, into performing certain sexual acts. The minor explained that Hightree would encourage

her to view pornographic magazines and videos, to lie still while Hightree performed oral sex on various areas of her body, including her vagina and her buttocks. The minor informed the detective that when she felt uncomfortable in these sexual encounters, she would beg Hightree to stop; however, Hightree would allay her apprehension and make her comfortable, including saying that he loved her while having the minor perform other reprehensible sex acts upon his private parts.

Hightree was arrested and charged in an eleven-count Information with crimes relating to his sexual assaults upon the minor. Thereafter, Hightree consummated a written plea agreement with the Virgin Islands Department of Justice. The plea agreement provided that Hightree would admit to Count Six of the Information, which charged aggravated rape in the first degree. In consideration of Hightree's plea, it was agreed that the People would dismiss all remaining counts in the Information. On August 2, 2010, Hightree and his attorney, Ariel Smith, Esq., of the Territorial Public Defender's Office, signed the plea agreement. (*Id.*)

Thereafter, the trial court scheduled a change of plea hearing for August 5, 2010, during which Hightree would have an opportunity to be examined concerning the terms of the plea agreement he consummated with the People and the circumstances under which it had been consummated. At the hearing, Hightree was placed under oath. Before proceeding, the trial judge informed Hightree that he would be advised of his constitutional rights and be afforded an opportunity to confirm or reject the plea agreement he consummated with the People. The trial judge proceeded to inform Hightree of his constitutional rights and frequently paused to inquire of Hightree whether he understood what was being said to him and whether he understood the trial court's questions. Each time Hightree was asked whether he understood the trial court's questions and directives, Hightree responded in the affirmative. After the trial court informed Hightree of his constitutional rights, the trial court proceeded to determine Hightree's competency to enter into a plea agreement by asking him questions relating to his educational background, questions relating to any affliction of mental deficiencies he may have, and questions relating to whether he was at that time under the influence of alcohol or any controlled substance. The trial court specifically asked Hightree whether his attorney had counseled and informed him of the nature of the charge to which he would plead guilty and had also informed him of all the possible defenses he could raise in

opposition to the charges. Hightree responded in the affirmative. The trial court further asked Hightree whether he was entering into his plea voluntarily and well-informed and whether he was satisfied with the advice and assistance he received from his attorney. Hightree again responded in the affirmative to both questions.

The charge of aggravated rape in the first degree, as enumerated in the Amended Information, was read to Hightree by the clerk of the trial court, and Hightree pled guilty to the charge. The trial court accepted the plea and informed Hightree that he would immediately be remanded to the Bureau of Corrections to await sentencing. Hightree, through his attorney, requested that he be allowed to surrender to the Bureau of Corrections at the end of the week so that he could make final arrangements of his personal affairs before his imprisonment. The trial court denied Hightree's request. Hightree immediately informed the trial court that because the trial court denied his request to postpone his imprisonment date for a few days, he wanted to withdraw his guilty plea. The trial court denied Hightree's oral request to change his plea and informed Hightree that he had the option of filing a motion regarding his desire to change his plea before sentencing. When Hightree failed to file a motion to withdraw the plea, the trial court proceeded with the sentencing.

On September 13, 2010, the trial court held the sentencing hearing. The trial court afforded Hightree an opportunity to allocute and address the court. At the sentencing hearing, no mention was made of Hightree's desire to change his guilty plea. The trial court sentenced Hightree to 35 years of imprisonment with five years suspended. Hightree was ordered to register as a sex offender within five years of being paroled or released from imprisonment. Although the plea agreement made no reference to restitution, the Superior Court *sua sponte* ordered him to pay $3,500 in restitution to the victim for the cost of counseling. This sentence was memorialized in a Judgment and Commitment entered by the trial court on September 16, 2010. Hightree timely appealed to this Court.

## II. JURISDICTION

Title 4, section 32(a) of the Virgin Islands Code provides that "[t]he Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." It is well established that in a criminal case, the written judgment embodying the adjudication of guilt and the

sentence imposed based on that adjudication constitutes a final judgment for purposes of this statute. *Williams v. Peoople*, 58 V.I. 341, 345 (V.I. 2013) (citing cases). On September 16, 2010, the trial court entered a final Judgment and Commitment. Accordingly, this Court possesses jurisdiction over this appeal.

## III. ISSUES & STANDARD OF REVIEW

First, we will consider whether the trial court erred when it denied Hightree's attempt to withdraw his guilty plea. Second, we will consider the issues of whether Hightree's sentence was illegal: whether the trial court erred in suspending a portion of Hightree's sentence; whether the trial court misled Hightree regarding his eligibility for parole; and whether the trial court imposed an unreasonable sentence. Finally, we will consider two errors by the Superior Court that, while not raised by Hightree in his appellate brief, constitute plain error and warrant *sua sponte* correction by this Court.

The standard of review for this Court's examination of the Superior Court's application of law is plenary, while the Superior Court's findings of fact are reviewed for clear error. *Blyden v. People*, 53 V.I. 637, 646 (V.I. 2010). We review the sentence that was imposed for abuse of discretion, unless the Superior Court bases its decision on application of legal precepts, in which case review is plenary. *Williams v. People*, 59 V.I. 1024, 1031 (V.I. 2013).

For matters as to which there were no objections raised in the trial court, we only review for plain error. Under this standard, there must be (1) an error, (2) that is plain, and (3) that affects substantial rights. *Phipps v. People*, 54 V.I. 543, 546 (V.I. 2011) (quoting *Johnson v. United States*, 520 U.S. 461, 466-67, 117 S. Ct. 1544, 137 L. Ed. 2d 718 (1997)); *see also* V.I.S.CT.R. 4(h). If the action of the trial court satisfies these three elements, this Court will address the error only if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *Farrell v. People*, 54 V.I. 600, 609 (V.I. 2011) (citing *Francis v. People*, 52 V.I. 381, 390-91 (V.I. 2009)).

## IV. DISCUSSION

### A. Whether the Superior Court erred by rejecting Hightree's request to withdraw his guilty plea

Hightree argues that the trial court erred "when it refused to grant his request to withdraw his [guilty] plea." (Appellant's Br. 19.) In this case,

after the trial judge accepted Hightree's guilty plea and ordered that Hightree be remanded to the custody of the Bureau of Corrections, Hightree requested that he first be allowed to return home and settle his affairs. When the trial court denied Hightree's request to delay his imprisonment, his counsel immediately informed the trial court that he wanted to withdraw his guilty plea. The following colloquy between the trial court and Hightree's attorney is illuminating.

> THE COURT: The Court is satisfied that there is a basis in fact for the plea, and the court will accept the plea. This matter will be scheduled for September 13th, 9:00 o'clock.
>
> Mr. Hightree, You are going to be remanded now.
>
> ATTORNEY SMITH: Your Honor, the People didn't request remand.
>
> THE COURT: I'm sorry?
>
> ATTORNEY SMITH: The People did not request remand.
>
> THE COURT: I said I remanded him. He is facing a 15 year mandatory sentence.
>
> ATTORNEY SMITH: Your Honor, would he be allowed to surrender at the end of the week? He just need to get some things in order.
>
> THE COURT: No. No.
>
> ATTORNEY SMITH: Your Honor, that being the case, Mr. Hightree has indicated that he wishes to change his plea.
>
> THE COURT: No. The Court already accepted it. He can file a motion.

(J.A. 39.)

To support his argument that the court erred in not accepting his plea withdrawal, Hightree cites two cases from the United States Court of Appeals for the Third Circuit, namely, *United States v. Stayton*, 408 F.2d 559 (3d Cir. 1969), and *United States v. Young*, 424 F.2d 1276 (3d Cir. 1970). However, both cases are distinguishable from this case. In *Stayton* the trial court rendered its decision after reviewing the defendant's written motion for plea withdrawal. 408 F.2d at 560. Hightree is correct that in *Young* the court stated that requests for withdrawal of pleas should be freely allowed, 424 F.2d at 1279, but he failed to point out that Young sought to withdraw his plea because he did not fully understand the charges, *see id.* at 1280, as opposed to the facts of this case, where Hightree's primary purpose was to evade custody of the Bureau of Corrections in order to afford himself additional time to attend to his

521

personal affairs. Further, the *Young* court stated, "withdrawal should be denied 'if the defendant knew and understood what was being done and there were not present any circumstances of force, mistake, misapprehension, fear, inadvertence or ignorance of his rights and understanding of the consequences of his plea.'" *Id.* at 1279 (citing *United States v. Ptomey*, 366 F.2d 759, 760 (3d Cir. 1966)). Therefore, these cases do not support Hightree's contention that the court should have permitted him to withdraw his guilty plea.

■ ■ The United States Supreme Court has enunciated the standard that withdrawal of a plea should be permitted "if for any reason the granting of the privilege seems fair and just." *Kercheval v. United States*, 274 U.S. 220, 224, 47 S. Ct. 582, 71 L. Ed. 1009 (1927); *United States v. Siddons*, 660 F.3d 699, 703 (3d Cir. 2011). In considering the circumstances under which withdrawal of a guilty plea before imposition of sentence should be permitted, the Third Circuit has stated that "motions to withdraw guilty pleas made before sentencing should be liberally construed in favor of the accused and should be granted freely." *Gov't of the V.I. v. Berry*, 631 F.2d 214, 219 (3d Cir. 1980) (citing *Young*, 424 F.2d at 1279 and *Stayton*, 408 F.2d at 560). Simultaneously, the Third Circuit "has also made explicit that there is no absolute right to withdraw a guilty plea and that acceptance of the motion is within the discretion of the trial court, whose determination will only be disturbed if the court has abused its discretion." *Berry*, 631 F.2d at 219-20 (citing *United States v. Vallejo*, 476 F.2d 667, 669 (3d Cir. 1973)). The Third Circuit further stated in *Stayton* that "[t]his does not mean that every motion for withdrawal before sentence should be granted. There is no absolute right to withdraw a guilty plea, and the right to do so is within the sound discretion of the trial court." 408 F.2d at 561. The Third Circuit noted in *Berry* that the United States Supreme Court in *Kercheval* "referred to the 'privilege' of permitting the accused to withdraw the guilty plea before sentence is imposed." *Berry*, 631 F.2d at 220 (citing *Kercheval*, 274 U.S. at 224). The Third Circuit further noted that "use of the term 'privilege' in contradistinction from 'right' suggests that defendant must offer plausible reasons why the privilege should be granted." *Id.*

■ In reviewing the Superior Court's decision denying a defendant's attempt to withdraw a guilty plea, we evaluate whether the guilty plea was knowing, voluntary, and intelligent. *See Bryan v. Gov't of the V.I.*, 56 V.I. 451, 458 (V.I. 2012) (noting "[i]n order for a guilty plea to comply with

the requirements of the Due Process Clause of the [Fourteenth] Amendment, it must be knowing, voluntary and intelligent") (quoting *Gov't of the V.I. v. Greenaway*, 379 Fed. Appx. 247, 250 (3d Cir. 2010)). We also consider factors such as "(1) whether the defendant asserts his innocence; (2) whether the government would be prejudiced by his withdrawal; and (3) the strength of the defendant's reason to withdraw the plea." *Corraspe v. People*, 53 V.I. 470, 487 (V.I. 2010) (quoting *United States v. Huff*, 873 F.2d 709, 712 (3d Cir. 1989)).

At the hearing, in the present case, Hightree was sworn and the trial judge assured Hightree that he would be advised of his rights before he changed his plea:

> THE CLERK: Do each of you solemnly affirm, under penalty of perjury, that the testimony you would give to the Court could be the truth, the whole truth, and nothing but the truth? . . . Mr. Hightree?
> DEFENDANT HIGHTREE: Yes . . .
> THE COURT: All right I must advise each of you of your rights currently before you change your plea.

(J.A. 26-27.) The trial judge then proceeded to inform Hightree of his rights and paused frequently to inquire of Hightree whether he understood what was being said. Hightree said "Yes" to each question. (J.A. 26-31.) Following the advisement of his rights, the trial court ascertained Hightree's competency to enter into a plea agreement. The trial court then asked Hightree whether his attorney counseled and advised him on the nature of the charge and all the possible defenses he might have. Hightree responded in the affirmative. The trial court asked Hightree whether he was entering into the plea voluntarily and well informed and whether he was satisfied with the advice and assistance he received from his attorney. Again, Hightree responded in the affirmative to both questions.

The charge was then read to Hightree by the courtroom clerk, and Hightree pled guilty to the charge. The trial court accepted the plea and informed Hightree that he would be immediately remanded to the Bureau of Corrections to await sentencing. Hightree's attorney immediately requested that he be allowed to surrender at the end of the week so that he may organize his affairs. The trial court denied his request. Hightree then informed the trial court that since it denied his request, he wanted to withdraw his plea of guilty. The court denied his oral request to change

his plea and informed Hightree that he could file a motion requesting withdrawal of his plea before sentencing. Hightree never filed a motion before sentencing. At sentencing, Hightree never mentioned his request to withdraw his plea. When given an opportunity to speak at his sentencing, Hightree indirectly confirmed his criminal conduct in committing the crime of first degree aggravated rape, which is buttressed by the following dialogue:

> THE COURT: [Does] Mr. Hightree have any additional statements to make? I have seen his letters.
> THE DEFENDANT: There is nothing I can do or say to take away the pain and hurt that I've caused this family. I'm truly sorry for what I have done and I want to be responsible and take whatever punishment you deem necessary.

(J.A. 64-65.) The trial record confirms that Hightree's plea of guilty was knowing, voluntary, and intelligent. Hightree has offered no plausible or cogent reason for the trial court to vacate his plea that was knowingly, voluntarily, and intelligently entered in the trial court. Additionally, Hightree has not asserted his innocence during his court appearances or in his filings in the trial court. Rather, Hightree's request to withdraw his plea seemed to be premised on his need to return home and settle his affairs before being remanded to the Bureau of Corrections, which is not calculated to be nor can it be regarded as an assertion of innocence.

The hearing on Hightree's change of plea was held on August 5, 2010, during which he pled guilty to the crime. His sentencing was held more than a month later, or approximately forty days later, on September 13, 2010, which is ample time for Hightree to have settled his affairs before sentencing. Significantly, the trial court was never informed, orally or by written motion, of the nature of Hightree's affairs that needed to be settled and why he could not achieve the settling of his affairs while he was incarcerated, or through a friend or relative. Crucially, when Hightree entered his plea of guilty to aggravated rape in the first degree, he was confronted with a life sentence and should have anticipated a lengthy sentence of imprisonment with a mandatory minimum time of fifteen years to be served. Hightree was sentenced to 30 years imprisonment. Considering these circumstances, and particularly his guilty pleas and his allocution at sentencing, it is commonsensical to conclude that Hightree

would have an incentive to flee the jurisdiction if allowed four days of unsupervised freedom to settle his affairs. Significantly, the trial record is devoid of any persuasive or compelling reason as to why Hightree did not settle or could not have settled his affairs during the hiatus between his plea hearing and his sentencing hearing. Therefore, considering the facts of this case and applying the standards established by case law precedent, we find that the trial court did not err in denying Hightree's request to withdraw his guilty plea.

## B. Whether Hightree's sentence was illegal or substantively unreasonable

Hightree asserts various reasons to support his contention that his sentence was illegal and unreasonable. First, Hightree argues that the sentence imposed upon him by the trial court was in violation of the provisions of title 5, section 3711 of the Virgin Islands Code. Specifically, Hightree argues that because the crime for which he pled guilty is punishable by life imprisonment the trial court had no authority to impose a split sentence. Second, Hightree argues that the trial court erred in its announcement of parole eligibility. Third, Hightree argues that his sentence was unreasonable when compared to other sentences for similar convictions.

### 1. *Purportedly illegal split sentence*

██ ██ Hightree was convicted of aggravated rape in the first degree, which is a crime punishable by a sentence of up to life imprisonment. Title 5, section 3711 of the Virgin Islands Code states:

**Suspension of sentence and probation**

(a) **[Judgment of conviction.]** Upon entering a judgment of conviction of any offense against the laws of the Virgin Islands *not punishable by life imprisonment*, the district court or a Superior Court, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.

(emphasis added). In its Judgment and Commitment, the trial court sentenced Hightree to 35 years imprisonment with five years suspended, and

525

gave him credit for time served in presentence incarceration. Hightree argues that this sentence is an illegal split sentence. A split sentence is a sentence in which a portion of the custodial term is suspended and probation is imposed in its place. *See Gov't of the V.I. v. Martinez*, 239 F.3d 293, 294 (3d Cir. 2001). However, in Hightree's case the trial court did not impose an illegal split sentence. In our review of split sentences, this Court has held that "a split sentence that imposes probation without suspending a portion of the sentence is illegal." *Brown v. People*, 55 V.I. 496, 506 (V.I. 2010). We have also held that "a sentence in which the combined period of incarceration and probation exceeds the maximum period of imprisonment authorized by law is an illegal split sentence." *Murrell v. People*, 54 V.I. 327, 336 (V.I. 2010). Unlike these cases in which the trial court imposed probationary periods, the trial court, in this case, suspended five years of Hightree's 35 year sentence, but never imposed a period of probation. Consequently, Hightree's sentence cannot be classified as a split sentence. *Accord, Jackson-Flavius v. People*, 57 V.I. 716, 729 (2012).

■ In any event, Hightree is incorrect in contending that the trial court erred in suspending a portion of his sentence. While section 3711 of title 5 states that the trial court "[u]pon entering a judgment of conviction of any offense against the laws of the Virgin Islands not punishable by life imprisonment . . . may suspend the imposition or execution of sentence," Hightree ignores that the aggravated rape statute possesses its own suspension clause which supersedes the provisions of section 3711(a). It states in pertinent part that:

> *Notwithstanding the provisions of Title 5, chapters 313, 405 and 407, Virgin Islands Code, or any other provisions of law*, imposition or execution of the fifteen-year minimum period of incarceration shall not be suspended; neither shall probation, parole, or any other form of release be granted for this minimum period of incarceration.

14 V.I.C. § 1700(c) (emphasis added). Since section 3711(a) is found in chapter 313 of title 5 of the Virgin Islands Code, it has been expressly nullified by section 1700(c) of title 14 with respect to aggravated rape in the first degree cases. Under section 1700(c), the trial court is only prohibited from suspending any portion of the minimum 15 year incarceration period. Since the trial court imposed a sentence of 35 years imprisonment — well above the mandatory 15 year minimum — it was clearly permitted to suspend five years of that sentence.

## 2. *Parole Eligibility*

Hightree argues that the trial judge erred in saying, at his sentencing hearing, that

> Both sides are aware that there is a minimum mandatory sentence for which you cannot get probation, parole, good time, or anything. The entire 15 years has to be served, and that's the minimum up to life imprisonment. However, the law also says that any person who is given a sentence of more than 30 years is entitled to an opportunity for parole after 15 years.

(J.A. at 68.) Hightree argues that this statement is contrary to provisions of the Virgin Islands Code which govern parole eligibility. Section 4601 of title 5 provides:

> Except for a prisoner sentenced to a term of life imprisonment without parole, every prisoner confined in any penitentiary, jail or prison for a violation of the Virgin Islands law for a definite term or terms of over 180 days or for the term of his natural life, whose record of conduct shows that he has observed the rules of the institution in which he is confined, upon recommendation of the Director of the Bureau of Corrections supported by the recommendation of a psychiatrist and/or psychologist, may be released on parole after serving one-half of such term or terms or after serving 15 years of a life sentence or of a sentence of 30 years or more or after serving the minimum sentence required by law, whichever is greater.

5 V.I.C. § 4601. According to Hightree, this statute provides that he will be eligible for parole after serving 17 and 1/2 years, which is one-half of the 35 year sentence, rather than 15 years of a 30 plus year sentence under section 4601 because 17 and 1/2 years represents the greater time of the two time periods. Hightree maintains that this purported error in calculation "is at the heart of [his] sentence" and that this Court should remand the case for re-sentencing. (Appellant's Br. 16.)

However, in considering the terms of Hightree's sentence and the language of section 4601, we conclude that the Superior Court correctly advised him that he would be eligible for parole after 15 years. Importantly, section 4601 of title 5 provides that "every prisoner *confined in any penitentiary, jail or prison . . . for a definite term . . .* may be

released on parole . . . ." 5 V.I.C. § 4601 (emphasis added). Unquestionably, the statute focuses on the period of confinement rather than the overall duration of the sentence imposed by the trial judge. Therefore, since Hightree was only sentenced to confinement in prison for 30 years, he would indeed be eligible for parole after 15 years. We find Hightree's contention that he is required to serve 17 and 1/2 years rather than 15 years to be an incorrect application of the language of section 4601. While Hightree received a sentence of 35 years, five years were suspended. Therefore, the term of his confinement in any penitentiary, jail or prison is 30 years. Consequently, he could become eligible for parole after serving one half of the term of his imprisonment, which is 15 years.

### 3. *Whether Hightree's sentence was substantively unreasonable*

■ Hightree also argues that the trial court imposed a substantively unreasonable sentence when it sentenced him to 35 years imprisonment, with five years suspended, for his conviction of aggravated rape in the first degree. He contends that the trial court failed to regard him as "a person, a unique project" while simultaneously arguing that his sentence was not considered in light of similarly situated defendants. (Appellant's Br. 17.) Generally, this Court only reviews sentences which fall within the bounds prescribed by the applicable statute for illegality or abuse of discretion. *Brown*, 55 V.I. at 499 (citing *Warner v. Gov't of the V.I.*, 332 F.Supp.2d 808, 810 (D.V.I. App. Div. 2004)). The Virgin Islands Legislature has established the range within which a sentencing judge may sentence someone who has been convicted of aggravated rape in the first degree. According to title 14, section 1700 of the Virgin Islands Code, a defendant convicted of aggravated rape in the first degree can be sentenced for life or for any term of years but no less than 15 years. The sentencing judge has a range from 15 years imprisonment to life imprisonment from which to choose in determining the appropriate duration of the sentence. Here, the trial judge sentenced Hightree to 35 years of imprisonment with five years suspended.

■ ■ Hightree argues that this sentence was substantively unreasonable because it is greater than sentences imposed on defendants in other cases who were convicted of the same crime. Hightree submitted examples of defendants in three unrelated cases, who were convicted of aggravated rape in the first degree but who received sentences of 15, 25, and 20 years respectively. (Appellant's Br. 18; J.A. 148-159.) This Court

has previously held that even where a convicted felon presents proof of differences in sentences for convictions of the same crime, the trial court has discretion to sentence within the guidelines promulgated by the Virgin Islands Legislature. *See Shoy v. People*, 55 V.I. 919, 927 (V.I. 2011). No language in the statute mandates or suggests that all defendants found guilty of aggravated rape in the first degree must receive the same or identical sentences. Such a proposition would be incongruous with the language of section 1700(c) which provides the trial judge with wide sentencing latitude concerning the punishment for its violation.

■ Furthermore, Hightree acknowledges that every defendant is different and sentencing is within the sound discretion of the trial court. *Pepper v. United States*, 131 S. Ct. 1229, 1239-40, 179 L. Ed. 2d 196 (2011). Although Hightree submitted copies of the judgments in the three unrelated rape cases, we do not know the factual circumstances surrounding these defendants that prompted the trial judges to impose the terms of the sentences specified in each case. Moreover, we do not know the sentencing criteria the trial judges utilized in imposing the sentences in those cases. Two of the sentences were imposed by the same Superior Court judge, and a second judge imposed the sentence in the third case.

■ Hightree pled guilty to aggravated rape in the first degree and could have been sentenced to any term of years up to life imprisonment. Consequently, his 35 year sentence with five years suspended falls within the range expressly allowed by section 1700(c), and we fail to find any abuse of discretion by the trial court when it imposed that sentence.

## C. Restitution and Sex Offender Registration

While Hightree has failed to set forth any arguments that would warrant setting aside his plea agreement or remanding this case for resentencing, in our review of the underlying judgment, we find that the Superior Court committed obvious errors with respect to the $3,500 restitution award to the victim, and its admonition that Hightree register as a sex offender within five years of his release from prison. Although not raised by Hightree on appeal, the errors are sufficiently plain to justify *sua sponte* review by this Court.

### 1. Restitution

■ The Superior Court committed no error when it refused to permit Hightree to withdraw his guilty plea based on its refusal to grant him four

529

days of unsupervised release to settle his affairs. Nevertheless, we conclude that one aspect of Hightree's plea agreement and sentencing was involuntary as a matter of law. As noted in our *Bryan* and *Corraspe* decisions, a defendant must knowingly, voluntarily, and intelligently enter a guilty plea, which includes being advised of the minimum and maximum sentence that may be imposed for the offense. However, a sentence is not limited to incarceration, but also includes monetary penalties, such as fines. *Murrell*, 54 V.I. at 349 (citing 14 V.I.C. § 1). Although paid to a victim rather than to the government, numerous courts — including this Court — have held that restitution, when ordered as part of a criminal case, is part of the defendant's sentence. *See Ward v. People*, 58 V.I. 277, 288 (V.I. 2013); *United States v. Sleight*, 808 F.2d 1012, 1020 (3d Cir. 1987) ("While one purpose of restitution . . . is to make the victim whole, restitution . . . is imposed as a part of sentencing and remains inherently a criminal penalty."); *see also United States v. Edwards*, 162 F.3d 87, 91 (3d Cir. 1998) (collecting cases); *United States v. Gilberg*, 75 F.3d 15, 21 (1st Cir. 1996) ("[A]n order of restitution is part of the criminal sentence. . . ."); *Chaney v. State*, 397 Md. 460, 918 A.2d 506, 512 (2007) ("An order of restitution entered in a criminal case . . . is a criminal sanction — part of the punishment for the crime."); *People v. Wigod*, 406 Ill. App. 3d 66, 940 N.E.2d 202, 214 (2010) ("[T]he restitution order is a consequence of defendant's guilty plea and, inherently, part of the punishment imposed.").

▆▆▆ Here, the record reflects that neither the written plea agreement, nor the Superior Court at the August 5, 2010 change of plea hearing, ever disclosed to Hightree that, if he pled guilty, he could be required to pay restitution to the victim. Rather, the first time the issue of restitution was ever raised was at the September 13, 2010 sentencing hearing, when the judge noted that "there was no restitution" and *sua sponte* required Hightree to pay $3,500 in restitution so that the victim could receive counseling services. (J.A. 69-70.) Importantly, several courts have held that, when a defendant is not informed — whether in the written plea agreement, or at the change of plea hearing — that restitution may be ordered, and restitution is ultimately imposed, the defendant's guilty plea is rendered involuntary. *See, e.g., United States v. Showerman*, 68 F.3d 1524, 1527-28 (2d Cir. 1995) (failure to advise defendant of court's authority to order restitution at change of plea hearing, and then imposing restitution at sentencing, renders plea involuntary); *State v. Lukens*, 151

Ariz. 502, 729 P.2d 306, 308-09 (1986) (guilty plea involuntary when judge informed defendant of minimum and maximum period of incarceration and fine, but did not mention restitution to victim); *State v. Steinolfson*, 483 N.W.2d 182, 184-85 (N.D. 1992) (holding, for guilty plea to be voluntary, that defendant must have some general idea that restitution could be ordered); *see also United States v. Hayden*, 389 Fed. Appx. 544, 547-48 (7th Cir. 2010) (holding trial court's failure to advise defendant, during plea colloquy, that restitution could be ordered constituted error, but that error was harmless and did not require vacating guilty plea because judge ultimately did not impose any restitution).

 As explained above, precedents from this Court, as well as the Third Circuit, clearly establish that restitution is a part of a defendant's sentence, and that a guilty plea is rendered involuntary if a defendant is not informed of the possible range of sentence that may be imposed. Therefore, the first and second prongs of the plain error test are met, as are the third and fourth prongs, for the reasons explained in *Bryan*. Nevertheless, while courts have generally permitted a defendant to withdraw his plea agreement in the event he is not informed of the minimum or maximum incarcerative sentence, courts have imposed mixed remedies when a guilty plea has been rendered involuntary due to a failure to adequately advise a defendant of the possibility of restitution. While some courts have provided a defendant with the opportunity to withdraw the entire guilty plea on remand, *see, e.g., Lukens*, 729 P.2d at 309, others have simply modified the judgment to have the restitution award conform with the representations made to the defendant at the change of plea hearing. *See, e.g., United States v. Glinsey*, 209 F.3d 386, 395-96 (5th Cir. 2000) (reducing restitution amount to $1,000,000 from $1,266,000 when defendant was previously informed he might be required to pay a fine of up to $1,000,000 if pled guilty). One court, however, has balanced the competing interests at play by first providing the trial court with the opportunity to forego imposing restitution as part of the sentence — in which case the guilty plea would stand — and, if the trial court declines, granting the defendant the opportunity to withdraw his guilty plea and proceed to trial on the original charges. *Showerman*, 68 F.3d at 1529.

In this particular case, we conclude that the *Showerman* approach represents the most appropriate remedy given the totality of the circumstances. Although Hightree, both *pro se* and through his counsel,

has made several attempts to withdraw his guilty plea, none of these arguments have been grounded on the fact that the Superior Court ordered restitution as part of his sentence. Rather, the record clearly indicates that neither Hightree nor the People were seriously concerned about restitution, with restitution only becoming an issue after the Superior Court imposed it *sua sponte* at sentencing out of concern for the victim. Given the parties' lack of concern about restitution, the interests of justice are best served by providing the Superior Court with the discretion, on remand, to either modify its Judgment and Commitment to eliminate restitution, or to grant Hightree the option to withdraw his guilty plea.

## 2. *Sex Offender Registration*

We note that the trial court ordered that Hightree "MUST REGISTER AS A VIOLENT SEX OFFENDER within FIVE (5) YEARS when paroled or released pursuant to 14 V.I.C. §1722 . . . ." (J.A. 11.)[1] At the time that the Superior Court entered the September 16, 2010 Judgment and Commitment, section 1722 provided that "[a] person convicted or found not guilty by reason of insanity . . . of a criminal offence against a minor or of a sexually violent offense shall register as provided in section 1724 of this chapter."[2] However, it is unclear where the trial court received its authority to order Hightree to register as a sex offender "within FIVE (5) YEARS when . . . released." Title 14, section 1724(a)(2) similarly provided that "[a] person confined in a correctional facility or involuntarily committed who is required to register *shall register prior to release* in accordance with procedure established by the Attorney General . . . ."[3] According to the Virgin Islands Code, Hightree is required to register as a sex offender prior to his release from confinement rather than within five years after his release, as mandated by the trial court. This is plain error committed by the trial court which affects Hightree's substantial rights because if Hightree fails to register as a sex offender in

---

[1] The Court notes that at the sentencing hearing, the trial court said, "The Court also notes that if he should get parole or anything of that nature, that the law requires him to register as a sexual — a violent sexual offender within five days." This change from five days to five years as written in the Commitment and Judgment is still inconsistent with Virgin Islands' law.

[2] Section 1722 was extensively amended in 2012 by Act No. 7372 (V.I. Reg. Sess. 2012).

[3] Section 1724 was extensively amended in 2012 by Act Nos. 7372 and 7458 (V.I. Reg. Sess. 2012).

accordance with the provisions of the Virgin Islands Code he can be found guilty of a crime under title 14, section 1722(d). Consequently, in the event the Superior Court elects to eliminate the restitution award in lieu of permitting Hightree to withdraw his guilty plea, we also direct it to correct this portion of Hightree's sentence in conformity with the Virgin Islands Code.

## V. CONCLUSION

The court did not err in refusing to permit Hightree to withdraw his guilty plea. Likewise, it committed no error in suspending five years of Hightree's sentence since the sentence for crimes subject to life in prison cannot be suspended under title 5, section 3711, nor in stating that Hightree would be eligible for parole after 15 years. Likewise, the ultimate incarcerative sentence imposed — 35 years imprisonment with five years suspended — was not substantively unreasonable. Nevertheless, we conclude that the Superior Court erred when it imposed restitution as part of Hightree's sentence despite its failure to advise him of the possibility that restitution may be a possible sanction at the change of plea hearing, and that it also erred in stating that Hightree can register as a sex offender within five years after his release. Therefore, while we affirm Hightree's conviction, we remand the case to the Superior Court for the limited purpose of making corrections to Hightree's sentence consistent with this Opinion.