**OKIMO J. HEYWOOD, Appellant/Defendant**
**v.**
**PEOPLE OF THE VIRGIN ISLANDS, Appellee/Plaintiff**

S. Ct. Criminal No. 2013-0100
Supreme Court of the Virgin Islands
December 21, 2015

847

KELE C. ONYEJEKWE, ESQ., VENETIA H. VELAZQUEZ, ESQ., Appellate Public Defenders, St. Croix, USVI, *Attorneys for Appellant.*

PAUL J. PAQUIN, ESQ., Deputy Solicitor General, PAMELA R. TEPPER, ESQ., Assistant Attorney General, St. Thomas, USVI, *Attorneys for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(December 21, 2015)

HODGE, *Chief Justice.* Appellant Okimo J. Heywood appeals from the Superior Court's December 5, 2013 judgment and commitment, which deviated from the plea agreement he had negotiated with Appellee People of the Virgin Islands. For the reasons that follow, we reverse.

## I. BACKGROUND

On December 31, 2012, the People charged Heywood with numerous criminal offenses, including unauthorized possession of a firearm, possession or sale of ammunition, failure to report a firearm obtained outside the Virgin Islands, discharging or aiming a firearm, and simple possession of a controlled substance. At the time of his arrest, Heywood was 20 years old.

Heywood and the People executed a plea agreement on May 21, 2013. By this time, Heywood had turned 21 years old. Pursuant to that agreement, Heywood agreed to plead guilty to unauthorized possession of a firearm. In exchange, the People agreed to dismiss all remaining charges with prejudice, and to recommend that Heywood be placed on two years' supervised probation pursuant to the Youthful Offender Statute codified as section 3712 of title 5 of the Virgin Islands Code, which authorizes a

sentence of not less than two years and one month with no more than one month's incarceration, with the remainder suspended in favor of probation. Contemporaneously with that plea agreement, Heywood executed a form the Superior Court apparently requires as part of the guilty plea process, titled "Application for Permission to Enter Plea of Guilty,"[1] which set forth substantially the same terms.

The Superior Court held a change of plea hearing on May 21, 2013, and engaged in a plea allocution colloquy with Heywood. In response to questioning by the Superior Court, Heywood stated that he was 21 years old. After asking numerous other questions, the Superior Court announced that it was satisfied that Heywood had entered a voluntary guilty plea and accordingly accepted the plea agreement.

The Superior Court held a sentencing hearing on September 26, 2013. At that hearing, the Superior Court — for the very first time — stated that it believed that Heywood could not qualify for youthful offender treatment under section 3712 of title 5 because he had turned 21 years old, and the statute in question is limited to situations where "the defendant so convicted has not yet reached 21 years of age." 5 V.I.C. § 3712(a). Although Heywood, through his counsel, argued that the statute refers to the date the crime occurred rather than the date of conviction, the People

---

[1] While not directly relevant to the main issues he has raised on appeal, Heywood, in his appellate brief, questions the Superior Court's apparent practice of mandating that a defendant fill out such a form as part of the plea agreement process. We agree that there appears to be no basis in Virgin Islands statutory law or the rules of the Superior Court to mandate that a defendant fill out such a form as part of the plea agreement process. Significantly, as Heywood notes in his brief, the form itself contains numerous legal errors, several of which appear to be based on the erroneous assumption that Rule 11 of the Federal Rules of Criminal Procedure governs the plea bargaining process in the Superior Court. For example, the form requires the defendant to acknowledge that "only the judge may decide what punishment I shall receive," (J.A. 16), even though — as shall be explained in greater detail below — a valid plea agreement may circumscribe a judge's sentencing discretion. Similarly, the form states that the defendant "know[s] the judge will not permit anyone to plead GUILTY who claims to be innocent," (J.A. 17), even though this Court's precedents provide that a factual basis is not required for a valid guilty plea and that a profession of innocence is only one of several factors that a judge may consider in determining whether to set aside a guilty plea. Additionally, the form contains several representations — such as that the defendant "ha[s] told [his] lawyer all the facts and circumstances known to [him] about the charges set forth in the Information," (J.A. 15), and that the defendant "believe[s] [his] lawyer has done all that anyone could do [as] counsel and assist [him]," (J.A. 17), that appear to invade the attorney-client privilege and go significantly beyond the presumed purpose of the form, which is to assist the judge in determining whether the plea agreement should be accepted.

— despite having agreed to recommend section 3712 treatment for Heywood as part of the plea agreement — asserted that the judge was right, and that the statute referred to the date of conviction. (J.A. 52.)

In response to the People's failure to defend the plea agreement, Heywood, through counsel, requested that he be permitted to withdraw his guilty plea, or, in the alternative, that he be sentenced pursuant to title 5, section 3711(c) of the Virgin Islands Code, which authorizes a sentence of probation without conviction for first-time offenders. The Superior Court, however, stated that it believed section 3711(c) could not apply "because there is a firearm involved." (J.A. 56.) As to withdrawal of the plea agreement, the Superior Court appeared to discourage Heywood from exercising that option given that he had already been incarcerated for 270 days due to being unable to post bail:

> THE COURT: And then so . . . I consider that 3712 says what it says; and that there seems to be a mutual mistake there; and that you talked about Mr. Heywood has the opportunity to withdraw his plea, if he is so inclined. And I would be willing to listen, if that's what he wanted to do, but I wonder if how significant it is. Because as you mentioned a little while ago, in the absence of me sentencing Mr. Heywood to a period of incarceration more than 270 days, then really all we are talking about is whether or not this is gonna be carried on his record. And the reality is that to fight about that issue or to re-sentence, to withdraw the plea and continue the case means that Mr. Heywood is going to be spending more than the 270 days he's already spent.

(J.A. 61-62.) Nevertheless, at the insistence of Heywood's counsel, the Superior Court continued sentencing to a later date in order to provide both parties with an opportunity to discuss how to proceed in light of the Superior Court's position that section 3712 could not apply.

Heywood's sentencing hearing resumed on November 6, 2013. At that hearing, Heywood maintained that the Superior Court had been mistaken and that section 3712 could, in fact, be applied to his case. The Superior Court, however, stood by its prior ruling, and advised Heywood to either file an appeal with this Court or request that the Legislature amend section 3712 to make the language clearer. Ultimately, the Superior Court orally sentenced Heywood to two years' imprisonment with credit for time served, but with all two years suspended and replaced with two years of

supervised probation, as well as a $500 probation supervision fee, $75 in court costs, a $5,000 fine, and a requirement that he perform 100 hours of community service. Heywood timely filed his notice of appeal with this Court on November 13, 2013. The Superior Court subsequently memorialized its oral sentencing decision in a judgment and commitment dated November 27, 2013, which was entered on December 5, 2013.[2] This timely appeal by Heywood followed.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

"The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees [and] final orders of the Superior Court . . . ." V.I. CODE ANN. tit. 4, § 32(a). Because the December 5, 2013 judgment and commitment resolved all issues between the parties, it represents a final appealable judgment under section 32(a). *Ottley v. Estate of Bell*, 61 V.I. 480, 487 (V.I. 2014).

---

[2] In its appellate brief, the People alleged that the Superior Court's December 5, 2013 judgment and commitment sentenced Heywood to probation without conviction pursuant to section 3711(c). However, the record clearly reflects that the Superior Court denied Heywood's request for section 3711(c) treatment because it believed that all offenses that involve a firearm — even where the firearm was merely possessed and not used — were excluded from section 3711(c). More importantly, the mere fact that a defendant has had his incarcerative sentence suspended and replaced with supervised probation does not reflect that the defendant has been sentenced pursuant to section 3711(c), for that is not the only statute that provides for probation in lieu of incarceration; significantly, section 3711(a) provides for a similar sentencing scheme:

> Upon entering a judgment of conviction of any offense against the laws of the Virgin Islands not punishable by life imprisonment, the district court or a Superior Court, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.

5 V.I.C. § 3711(a). The important difference between sections 3711(a) and 3711(c), however, is that a defendant sentenced under section 3711(c), "[u]pon fulfillment of the terms of probation . . . shall be discharged without adjudication of guilt, and an order shall be entered expunging the finding, verdict or plea of guilty." 5 V.I.C. § 3711(c)(1). No comparable provision for automatic expungement exists when a defendant is sentenced under section 3711(a). Thus, the language in the December 5, 2013 judgment and commitment, when combined with the Superior Court's oral decision to deny section 3711(c) treatment, reflects that the Superior Court sentenced Heywood to probation pursuant to section 3711(a).

The standard of review for this Court's examination of the Superior Court's application of law is plenary, while the Superior Court's findings of fact are reviewed for clear error. *Blyden v. People*, 53 V.I. 637, 646 (V.I. 2010). This Court ordinarily reviews a sentence only for abuse of discretion, unless the Superior Court bases its decision on application of legal precepts, in which case this Court exercises plenary review. *Williams v. People*, 59 V.I. 1024, 1031 (V.I. 2013).

## B. Breach of the Plea Agreement

Heywood maintains the Superior Court's sentencing discretion was limited by the plea agreement that he executed with the People. According to Heywood, the Superior Court essentially ignored Superior Court Rule 126 and engaged in a procedure that more closely mirrors Federal Rule of Criminal Procedure 11, a rule that this Court has already held has no applicability to Superior Court proceedings. *Corraspe v. People*, 53 V.I. 470, 480-83 (V.I. 2010). Specifically, Heywood argues that Superior Court Rule 126 — unlike Federal Rule of Criminal Procedure 11 — does not distinguish between binding and non-binding sentencing recommendations, and as such, the Superior Court only had two choices available to it: sentence him as a youthful offender pursuant to section 3712, or grant him the right to withdraw from the plea agreement and proceed to trial. Essentially, Heywood contends that the Superior Court engaged in a *de facto* rejection of the plea agreement after it had already been accepted by the Superior Court at the May 21, 2013 hearing.

We note that Heywood's interpretation of Superior Court Rule 126 may have some support in the laws of other jurisdictions. As we have previously noted, many of the procedures set forth in Federal Rule of Criminal Procedure 11 have not been adopted by other jurisdictions and many, in fact, represent minority rules. *See Corraspe*, 53 V.I. at 484 n.5 (noting that only 14 states had adopted Rule 11's prohibition on judicial participation in plea bargaining). Although Federal Rule 11 refers to sentencing recommendations that are binding on the judge and those which are not binding, Superior Court Rule 126 is completely silent on the matter. Other jurisdictions have interpreted silence in similar court rules as requiring that a trial judge must nevertheless respect the sentencing recommendation that has been agreed upon by the parties as part of a plea agreement, even if that recommendation is presented to the court as being non-binding. These jurisdictions have held that a court,

after it accepts a plea agreement calling for a sentencing recommendation, must either impose the recommended sentence or — if it chooses not to do so — must provide the defendant with an opportunity, as of right, to withdraw the guilty plea. *See, e.g., Nelson v. State*, 866 So. 2d 594, 598 (Ala. Crim. App. 2002) (holding defendant possessed right to withdraw guilty plea after judge rejected prosecution's recommended sentence of probation); *Schellert v. State*, 569 S.W.2d 735, 737 (Mo. 1978) ("[A]s a matter of substantial fairness, a trial court should afford a criminal defendant the opportunity to withdraw a plea of guilty in any case in which the judge determines not to grant the sentence concessions contemplated by a plea agreement or plea bargain made between the defendant and the prosecutor.")[3]; *State v. Warren*, 115 N.J. 433, 558 A.2d 1312, 1317-18 (1989) (noting, even though pertinent court rule expressly disallows binding sentencing recommendations, that the defendant "is entitled to withdraw from a guilty plea if his or her sentencing expectations have been defeated by the imposition of a harsher sentence than that contemplated by the plea agreement"); *Commonwealth v. White*, 2001 PA Super 356, 787 A.2d 1088, 1093 (2001) (holding that "fundamental fairness" requires that defendant possess an opportunity to withdraw his or her guilty plea when a sentencing judge rejects the parties' non-binding recommendation).[4]

---

[3] In the years after the Missouri Supreme Court issued the *Schellert* decision, Missouri amended the pertinent rule on plea bargaining to more closely mirror Federal Rule of Criminal Procedure 11. *See Stanley v. State*, 420 S.W.3d 532, 548 (Mo. 2014) ("[T]he *Schellert* holding has been superseded by the current version of Rule 24.02(d)(4)," which expressly authorizes nonbinding plea agreements). Nevertheless, because the Missouri court rule addressed in *Schellert*, like Superior Court Rule 126, did not expressly authorize such nonbinding plea agreements, the *Schellert* decision remains relevant to this Court's inquiry.

[4] Notably, all of these courts rejected arguments by the prosecution that advising the defendant of the non-binding nature of the recommendation permits the judge to deviate from the prosecutor's recommended sentence, given the importance of the constitutional rights waived by the defendant when he agrees to plead guilty, as well as concerns that treating a sentencing recommendation as completely non-binding may send conflicting messages to the defendant. This latter concern is illustrated in this very case, where the Superior Court's "Application for Permission to Enter Plea of Guilty" form required Heywood to "hereby declare that no officer or agent of any branch of government ... nor my lawyer, no[r] any other person has made any promise or suggestion of any kind to me ... that I will receive a lighter sentence, or probation, or any other form of leniency if I plead **GUILTY**," (J.A. 16), even though the written plea agreement expressly provided that the People would recommend that

We need not, however, resolve this issue of first impression as part of this appeal because a more obvious, and fundamental, breach of the plea agreement occurred in this case. The plea agreement expressly provided that the People would recommend that the Superior Court sentence him to two years' probation as a youthful offender in accordance with section 3712. The People, however, made no such recommendation at the September 26, 2013 sentencing hearing. At that hearing, the Superior Court permitted Heywood's counsel to speak first, and, when counsel stated that the plea had been taken pursuant to section 3712, the judge interrupted counsel to note that Heywood was too old to qualify as a youthful offender. (J.A. 51.) Although Heywood, through his counsel, attempted to argue that Heywood could be sentenced as a youthful offender, the People's counsel, rather than joining in that argument, simply stated, "Your Honor, you're right." (J.A. 52.) While defense counsel continued in his attempts to persuade the trial judge by citing to case law and other authorities, once defense counsel concluded his argument, the People's counsel again told the trial judge that she "ha[s] read 3711, 12 like you did," and that she "assume[d] that [Heywood's] counsel would have advised him that he didn't qualify as a youthful offender." (J.A. 59.) Even on appeal, the People continue to argue that section 3712 does not apply to Heywood.

■ Unquestionably, the People breached their plea agreement with Heywood when its counsel, rather than recommending section 3712 treatment as promised, not only failed to make such a recommendation, but outright argued that Heywood did not qualify as a youthful offender under section 3712. *See Santobello v. New York*, 404 U.S. 257, 262, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971) (holding prosecutor breached plea agreement when plea agreement provided that prosecutor would provide no sentencing recommendation, but then at sentencing hearing prosecutor argued in favor of imposing the maximum penalty); *United States v. Greenwood*, 812 F.2d 632, 634, 635-37 (10th Cir. 1987) (prosecutor's statements about defendant's lack of remorse and need to deter others from committing same crime, breached plea agreement in which government had promised to remain silent at sentencing); *Lee v. State*, 501 So. 2d 591, 593 (Fla. 1987) ("[O]nce a plea bargain based on a

---

he be treated as a youthful offender pursuant to 5 V.I.C. § 3712 and be placed on two years' supervised probation. (J.A. 13.)

prosecutor's promise that the state will recommend a certain sentence is struck, basic fairness mandates that no agent of the state make any utterance that would tend to compromise the effectiveness of the state's recommendation."); *State v. King*, 576 N.W.2d 369, 370 (Iowa 1998) (prosecution breached plea agreement promise to remain silent at sentencing by requesting court follow pre-sentencing report).

▮ We recognize that "[t]his Court has repeatedly cautioned that parties may not, through explicit agreement or implicitly by omission, stipulate to the law." *Simmonds v. People*, 59 V.I. 480, 493 (V.I. 2013) (collecting cases). Consequently, the Superior Court was fully within its right to question whether Heywood could qualify for youthful offender treatment under section 3712, notwithstanding the fact that it had already accepted the plea agreement. *See, e.g., State v. Miller*, 2013-NMSC-048, 314 P.3d 655, 664 (2013) (holding that a court may not impose an illegal sentence, even as part of a guilty plea); *Chae v. People*, 780 P.2d 481, 486 (Colo. 1989) (same) (collecting cases); *State v. Nemeth*, 214 N.J. Super. 324, 519 A.2d 367, 368 (1986) ("[T]here can be no plea bargain to an illegal sentence."). But the fact that the recommendation concerned a legal issue — whether Heywood qualified as a youthful offender under section 3712 — does not excuse the People from its obligation to stand by the terms of the plea agreement. *See United States v. Belt*, 89 F.3d 710, 712-13 (10th Cir. 1996) (holding that the government breached its plea agreement with the defendant, under which it had agreed to "make no recommendation" as to the sentence to be imposed, when it argued against a sentence of probation, even though the pertinent statute specifically prohibited probation).

▮ Importantly, a prosecutor's ethical obligations as an officer of the court cannot justify the People's actions in this case. A prosecutor possesses a concurrent "duty to inform the court and [a] duty to keep its promises"; as such, "[t]his ethical dilemma, to the extent that there is one, must be resolved at the time the government makes its plea agreement," rather than dealt with for the first time at sentencing after the agreement has already been executed. *United States v. Cooper*, 70 F.3d 563, 567 (10th Cir. 1995). And to the extent that the People's failure to recognize that granting Heywood youthful offender treatment under section 3712 could be excused, it "is not understandable [for] the government [to] wait until the sentencing hearing and then attempt to disregard the sole consideration given for the defendant's guilty plea"; rather, it should have

sought "to withdraw from the plea agreement" based on the new information. *Id.*; *see also In re People of the V.I.*, 51 V.I. 374, 387-92 (V.I. 2009) (holding that government may move to withdraw guilty plea even after acceptance by the court, provided defendant has not detrimentally relied on the agreement).

■ The United States Supreme Court has held that, when the prosecution has breached a plea agreement, due process requires that the defendant be provided the opportunity to either (1) have the plea agreement specifically enforced, or (2) withdraw from the plea agreement.[5] *Santobello*, 404 U.S. at 261-63; *State v. Carrillo*, 597 N.W.2d 497, 500 (Iowa 1999) ("Where a prosecutor breaches a plea agreement, the remedy is either specific performance of the agreement, or withdrawal of the guilty plea."). Yet despite this clear guidance from the United States Supreme Court, the Superior Court proceeded to do neither — presumably because it did not recognize the People's repudiation of its agreed-upon sentencing recommendation as an independent breach of the plea agreement. It refused to sentence Heywood under section 3712. Standing alone, this was a reasonable decision, given the Superior Court's conclusion that Heywood did not meet the statutory requirements for youthful offender treatment, combined with the well-established principle that the parties may not stipulate to the law. *Rohn v. People*, 57 V.I. 637, 643 (V.I. 2012). But while the Superior Court stated that it "would be willing to listen" if Heywood desired to withdraw his plea agreement — notwithstanding the fact that such a withdrawal would be as of right under *Santobello* if specific performance were not ordered — in the same statement it also noted that "the reality is that to fight about that issue or to re-sentence, to withdraw the plea and continue the case means that

_____

[5] In *Corraspe*, this Court held that withdrawal of a plea agreement is not a matter of right, but should be liberally granted, with the Superior Court considering three factors: "(1) whether the defendant asserts his innocence; (2) whether the government would be prejudiced by his withdrawal; and (3) the strength of the defendant's reason to withdraw the plea." 53 V.I. at 487 (quoting *United States v. Huff*, 873 F.2d 709, 712 (3d Cir. 1989)). That rule, however, was established in the context of the defendant seeking to unilaterally withdraw from the plea agreement not because the agreement had been breached by the People, but because he alleged that he had been pressured into pleading guilty against his will. Since the United States Supreme Court categorically held in *Santobello* that a defendant is entitled to either specific performance or withdrawal if the government has breached a plea agreement, that rule, and not the rule governing the different factual situation in *Corraspe*, must necessarily control in this case.

Mr. Heywood is going to be spending more than the 270 days he's already spent" in prison. (J.A. 61-62.) In other words, the Superior Court implied that withdrawing from the plea agreement, or otherwise continuing to litigate the specific performance issue, would cause Heywood to remain incarcerated for a longer period of time than if he simply waived the breach. And while Heywood's counsel mentioned that the pre-trial detention issue could be remedied by simply releasing Heywood from prison until his next court date (J.A. 65), and followed up with that request by filing written motions for release on October 3, 2013, and October 31, 2013 — both of which had been joined by the People — the certified docket sheet reflects that the Superior Court took no action on those motions prior to the November 6, 2013 sentencing hearing.

■ Under these circumstances, it is not necessary to determine, as part of this appeal, whether Heywood qualifies for youthful offender treatment under section 3712. The plea agreement called for the People to recommend that Heywood receive youthful offender treatment under section 3712, yet the People breached that agreement by actively arguing (rightly or wrongly), both at sentencing and on appeal, that Heywood cannot qualify as a youthful offender under section 3712. As the United States Court of Appeals for the Ninth Circuit explained,

> [W]hen the government agrees to recommend a certain sentence . . . the benefit to the defendant is that it presents a "united front" to the court. The idea is that when the sentencing court hears that both sides believe a certain sentence is appropriate and reasonable in the circumstances, this is more persuasive than only the defendant arguing for that sentence. Presenting this "united front" is the defendant's benefit of the bargain. It is not always much of a benefit, as the sentencing courts do not have to follow the joint recommendation. Nevertheless, the chance that the court will follow the joint recommendation is often the basis upon which defendants waive their constitutional right to trial.

> The government's argument here essentially is that the [trial] court would not have been swayed by the "united front" as it had already made up its mind. That may be true, but it is irrelevant. Anytime a defendant enters an agreement to plead guilty in exchange for a sentence recommendation, the defendant knows the court may not grant that recommendation. What the defendant wants and is entitled to is

the added persuasiveness of the government's support regardless of outcome.

*United States v. Camarillo-Tello*, 236 F.3d 1024, 1028 (9th Cir. 2001).

This does not mean, however, that Heywood cannot receive specific performance under the plea agreement. Section 3712(a) limits a defendant to a sentence of no more than two years and one month, of which no more than one month may be incarcerative, with any remainder being a suspended sentence in favor of probation. 5 V.I.C. § 3712(a). Five years after probation has been completed, a defendant is entitled to have his or her conviction and sentence expunged unless he or she has been convicted of another serious offense or "other good cause is shown." 5 V.I.C. § 3712(d).

It is clear from the plea agreement, as well as the arguments made at the sentencing hearings, that Heywood desired treatment as a youthful offender in order to receive a sentence of probation and to one day have his record expunged. Importantly, after the Superior Court questioned whether Heywood qualified for section 3712 treatment, his counsel requested that the court sentence him pursuant to section 3711(c) of title 5, which provides many of the same benefits as section 3712, but without being limited to youthful offenders:

> Upon finding of guilty or upon receipt of a verdict of guilty or plea of guilty wherein the alleged offense did not result in the personal injury or death of any person and where no deadly weapon was used in perpetrating the crime, the court may, *without entering a judgment of guilty* or accepting the plea and with the consent of the defendant, *defer further proceedings and place the defendant on probation* upon such terms and conditions as it may require; Provided, the accused has never been convicted of a misdemeanor or felony in this jurisdiction or under the laws of the United States, any state or territory thereof, or foreign jurisdiction. *Upon fulfillment of the terms of probation the defendant shall be discharged without court adjudication of guilt, and an order shall be entered expunging the finding, verdict or plea of guilty and all records* as defined in chapter 314 of this title as the case may be. Upon violation of the terms of probation the court may enter an adjudication of guilt and proceed to impose a fine or imprisonment, or both as provided by law.

5 V.I.C. § 3711(c)(1) (emphases added).

858

■ Given the facts of this case, section 3711(c) treatment is actually more favorable than treatment as a youthful offender under section 3712. The primary advantage of being sentenced as a youthful offender under section 3712 is that the total possible period of incarceration is strictly limited to only one month. 5 V.I.C. § 3712(a). In this case, however, Heywood had already been incarcerated pending trial for almost a year prior to his sentencing hearing, and thus the one month limitation on total incarceration would provide him with no benefit. Consequently, the primary benefit available to Heywood — as evinced by his arguments before the Superior Court and on appeal — is automatic expungement of his conviction. Yet with respect to expungement, section 3711(c) provides more favorable treatment than the youthful offender statute, since expungement occurs automatically upon completion of probation, whereas section 3712 requires a five-year waiting period.

■ The Superior Court rejected Heywood's request to sentence him under section 3711(c) solely "because there is a firearm involved." (J.A. 56.) However, while the meaning of section 3712 is an issue of first impression in the Virgin Islands, this Court has already held that for purposes of section 3711(c) eligibility, " 'use' of a firearm requires the utilization of the firearm in some activity or employing it to achieve or complete an objective." *Lopez v. People*, 60 V.I. 534, 538 (V.I. 2014); *see also* BLACK'S LAW DICTIONARY 1681 (9th ed. 2009) (defining "use" as "[t]he application or employment of something"). In this case, the record contains no indication that Heywood ever used or otherwise employed the firearm, as opposed to simply possessing it at the time of his arrest. Because Heywood did not use the firearm, he was — under our *Lopez* precedent — clearly eligible for section 3711(c) treatment, and the Superior Court erred by concluding otherwise.

Because the People breached its agreement to recommend that Heywood receive section 3712 treatment by actively arguing against his position at sentencing and on appeal, we decline to interpret section 3712 as part of this appeal since, regardless of whether the Superior Court's or the People's interpretations of that statute are accurate or inaccurate, Heywood has been deprived of a significant benefit of the plea agreement: the People's support. *See Camarillo-Tello*, 236 F.3d at 1028. But because section 3711(c) treatment would provide Heywood with identical — if not greater — relief under existing, well-established precedent, we conclude that sentencing in accordance with section 3711(c) would provide

859

Heywood with the equivalent of specific performance under the agreement. *See Santobello*, 404 U.S. at 261-63. Consequently, on remand, the Superior Court must either provide Heywood with section 3711(c) treatment, or permit him to withdraw from his plea agreement and proceed to trial on the original charges.

## C. Other Sentencing Errors

█ While not raised as an issue on appeal, we cannot overlook another error with the Superior Court's sentence. As we have previously held, "a defendant must knowingly, voluntarily, and intelligently enter a guilty plea, which includes being advised of the minimum and maximum sentence that may be imposed for the offense." *Hightree v. People*, 60 V.I. 514, 530 (V.I. 2014). For this purpose, a sentence is not limited to incarceration, but also includes other punishments, such as monetary penalties. *Murrell v. People*, 54 V.I. 338, 349 (V.I. 2010) (citing 14 V.I.C. § 1).

█ In this case, the record reflects that neither the written plea agreement, nor the Superior Court at the May 21, 2013 change of plea hearing, advised Heywood that any potential sentence imposed could require him to perform 100 hours or any amount of community service. Therefore his plea agreement was involuntary as to that condition, and automatically satisfies the elements of the plain error test. *See Hightree*, 60 V.I. at 530-31 (collecting cases). Thus, on remand, the Superior Court should either modify the judgment and commitment to eliminate the community service requirement or grant Heywood the option to withdraw his guilty plea. *Id.* And while the pertinent statutes appear to mandate imposition of $75 in court costs upon every convicted defendant, *see* 4 V.I.C. § 521(a), and imposition of a $500 probation supervisory fee, *see* 5 V.I.C. § 3711(d), we note that Heywood appeared *in forma pauperis* in the underlying proceeding, *see* 4 V.I.C. § 513(a), which rendered any order requiring payment of costs discretionary rather than mandatory, 4 V.I.C. § 513(e) ("Judgment *may* be rendered for costs at the conclusion of the action . . . ." (emphasis added)). In any event, the Superior Court, when deciding whether to accept a guilty plea, is always required to ensure that the defendant is "advised of and understand[s] the *direct* consequences of a plea," including that the recommended sentence would result in imposition of costs and fees. *Bryan v. Gov't of the V.I.*, 56 V.I. 451, 458 (V.I. 2012) (quoting *Greenaway v. Gov't of the V.I.*, 379 Fed.

Appx. 247, 250 (3d Cir. 2010)). Therefore, on remand, the Superior Court must either waive these collateral sanctions — as is authorized by 4 V.I.C. § 513(e) — or provide Heywood with the opportunity to withdraw his guilty plea and proceed to trial on the original charges.[6] *Hightree*, 60 V.I. at 530.

## III. CONCLUSION

The Superior Court committed error when it refused to provide Heywood with specific performance of his plea agreement or the opportunity to withdraw his guilty plea when the People breached the agreement by arguing against sentencing him as a youthful offender under section 3712. Because section 3711(c) treatment would provide Heywood with identical or greater relief than sentencing as a youthful offender under section 3712, and such treatment would thus afford him the equivalent of specific performance of the plea agreement as required under *Santobello*, the Superior Court must, on remand, either sentence him under section 3711(c), or permit him to withdraw from his plea agreement. Similarly, the Superior Court must eliminate the collateral requirements of fees, costs, and community service, or afford Heywood the opportunity to withdraw from his plea agreement as of right. Accordingly, we vacate the portion of the December 5, 2013 judgment and commitment that sentences Heywood in a manner inconsistent with section 3711(c), as well as the portions imposing a probation fee, court costs, and community service, and remand this matter to the Superior Court for re-sentencing in accordance with this opinion.

---

[6] Because the Superior Court specifically advised Heywood at the change of plea hearing that his potential sentence would include "a minimum period of incarceration for one year and a minimum fine of $5,000.00," (J.A. 37), the Superior Court need not set aside the $5,000.00 fine on remand.